# TEGNELIA v STATE OF FLORIDA
## Case No. 86-7591-CA-03-N

Seventh Judicial Circuit, Volusia County

May 21, 1987

**APPEARANCES OF COUNSEL**

**Richard Brown** for appellant.

**Steve Levin** for appellee.

### OPINION OF THE COURT

EDWIN P.B. SANDERS, Circuit Judge.

This is an appeal by the defendant from a judgment and sentence in

the court below adjudicating the defendant guilty of the charge of speeding and sentencing the defendant to defensive driving school and a fine in the amount of $150.00 plus costs. The central issue presented is whether the trial court erred in its admission of the radar results where the evidence is uncontroverted that the law enforcement officer failed to keep and introduce into evidence at trial the written logs required by Rule 15B-2.009, Rules of the Florida Department of Highway Safety and Motor Vehicles. For the reasons which follow, it is concluded that the trial court erred, and accordingly, the case is reversed.

The defendant Tegnelia was charged with a speeding violation. When the matter came to trial, the first witness called by the State was the officer who lawfully stopped the defendant for speeding. Through his testimony, the State established that the witness was qualified to give the testimony derived from the speed measuring device; that the speed calculating device was a type approved by the Department (DHSMV); and that the device was tested not less than once each six months to determine that it was operating accurately according to the procedures prescribed by the Department (DHSMV). The officer also testified that he checked the internal and external accuracy of the measuring device at the beginning of his shift and immediately after each citation issued. The officer stated, however, that he failed to keep the written logs to evidence his having done so as required by Rule 15B-2.009, Rules of the Florida Department of Highway Safety and Motor Vehicles.

Rule 15B-2.009(2) states:

(2) For all units, internal and external accuracy checks shall be made at the beginning of an operator's shift according to sub-paragraphs (a), (b), and (c) below and immediately after each citation issued according to sub-paragraphs (a) and (b) below, *with a written log* kept of each such check. (emphasis added.)

The Court below accepted the results of the radar unit and admitted them into evidence even though the officer failed to comply with the mandatory language of Rule 15B-2.009 which states that the accuracy checks *shall* be made with a *written log* kept of each such check.

The use of radar and the admissibility of its results is a product of both administrative and statutory law. Admissibility of radar results is initially sanctioned by statutory law through the provisions of F.S. § 316.1905. This statute, however, does not operate alone; rather it functions by incorporation of and reference to the rules of the Department of Highway Safety and Motor Vehicles (DHSMV), Division of

150

Florida Highway Patrol. The administrative regulations pertaining to radar are found in Chapter 15B-2 of the Department rules under the title of "Speed Measuring Devices." When the Chapter 15B-2 regulations and the statutory provisions of F.S. § 316.1905 are considered in pari materia, four general prerequisites to the admissibility of radar results emerge.

(1) The witness who gives testimony derived from any speed measuring device must be "qualified to testify";

(2) The speed calculating device must be of a type approved by the Department (DHSMV);

(3) The device must have been tested not less than once each six months to determine that it is operating accurately according to the procedures prescribed by the Department (DHSMV); and

(4) For all units, the internal and external accuracy shall be made at the beginning of an operator's shift and immediately after each citation, with a written log kept of each such check.

But even these are not exclusive. All prerequisites to the admissibility of radar results set forth by statute or by regulation must be satisfied. Consequently, the officer's failure, in the instant case, to keep a written log to evidence that he checked the internal and external accuracy of his unit at the beginning of his shift and after each citation issued, renders the result of his radar inadmissible and accordingly,this judgment and sentence must be reversed.